Ms. Stacey Witherell Human Resources Analyst I City of Little Rock 500 W. Markham, Suite 130W Little Rock, AR 72201-1428
Dear Mr. Witherell:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of an "exit interview" document that has been requested under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107). You indicate that as custodian of the records, you have determined that the document should not be released. You have attached a copy of the document. I am required by law to issue my opinion as to whether your determination regarding the release of this document is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
It is my opinion that your determination is not consistent with the FOIA.
The "exit interview" document that has been requested is, in my opinion, properly classified as a "personnel record." It is similar in nature to a letter of resignation, which this office has previously opined is properly classified as a "personnel record." See, e.g., Op. Att'y Gen. No. 95-167. As such, the exit interview document must be disclosed under the FOIA unless its disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). In order to determine whether a particular disclosure would constitute a "clearly unwarranted invasion of personal privacy," the courts will apply a balancing test, weighing the individual's interest in keeping the records private against the public's interest in having access to the records.See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992).
I find nothing in the exit interview document that is personal in nature, or that would subject the individual in question to harm or embarrassment, nor do I find anything in the document that would harm the privacy interests of any other individual. Moreover, I find it conceivable that the public could have an interest in some of the matters noted in the document. For these reasons, I find that the public interest in having access to this document outweighs any privacy interest that any individual might have in the document. Accordingly, I must conclude that the document does not fall within the exception from disclosure that is available for personnel records.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh